UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THOMAS J. RIORDAN, and DIANE RIORDAN, his wife,<br><br>Plaintiffs,<br><br>v.<br><br>POWER FASTENERS, INC., a foreign corporation,<br><br>Defendant. | CASE NO. C11-1207RSL<br><br>ORDER GRANTING DEFENDANT'S 12(b)(5) MOTION TO DISMISS |

This matter comes before the Court on "Defendant's Motion for Dismissal Pursuant to Rule 12(b)(5)" (Dkt. # 7).[1] Having received and reviewed this motion, the response, the reply, and all exhibits and documents submitted, the Court finds that Plaintiffs have not demonstrated that service was properly carried out. The Court therefore GRANTS Defendant's motion to dismiss.

## BACKGROUND

On April 26, 2011, Plaintiffs filed suit against Defendant in King County Superior Court. Notice of Removal (Dkt. # 1) at 1–2. According to a declaration submitted by their attorney, Plaintiffs attempted to serve Defendant at one of its branch

---

[1] Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds that this matter can be decided on the papers. Defendant's request for oral argument is therefore DENIED.

ORDER GRANTING DEFENDANT'S
12(b)(5) MOTION TO DISMISS

offices in Seattle. Declaration of Charles L. Meyer (Dkt. # 13) at 8. They were unsuccessful. Id. Apparently unable to locate Defendant at any other location in Washington, Plaintiffs sought to serve Defendant at its principal place of business at 2 Powers Lane, Brewster, New York. Id. at 7–8.

On or about June 22, 2011, Plaintiffs' process server arrived at 2 Powers Lane. Declaration of Robert S. Diana (Dkt # 9-1) at 2 (Proof of Service). According to the process server's declaration, he arrived at the location at 5:25 p.m., id., and walked into the reception area, Declaration of Charles L. Meyer (Dkt. # 13) at 10 (Declaration of Service). No one was there. Id. He called out for assistance and was approached by Tomas Serrano, later identified as a "maintenance supervisor." Id. The process server stated that he asked Serrano if he was authorized to accept the documents and that Serrano stated that he was. Id. The process server left the documents with him. Id.

Defendant disputes this account. Defendant states that because the process server arrived after business hours, the front doors had already been locked. Declaration of Tomas Serrano (Dkt. # 16) at 2. Defendant contends that the process server actually entered through a back door and approached Serrano, who was wearing jeans and a company t-shirt, while he was working on repairing a generator in the loading area of the warehouse. Id. Defendant further disputes that Serrano ever told the server he was authorized to accept legal documents. Id.

On July 6, 2011, Plaintiffs mailed a copy of the Summons, Complaint, and Order Setting Civil Case Schedule to 2 Powers Lane. On July 20, 2011, Powers removed the action to this Court pursuant to 28 U.S.C. §§ 1332 and 1441(a). Notice of Removal (Dkt # 1).

**DISCUSSION**

Because this cases arises under the Court's diversity jurisdiction, the Court applies Washington law. To effectuate out-of-state service, Washington requires that a plaintiff both serve a defendant pursuant to the requirements of RCW 4.28.180 and file an affidavit "to the effect that service cannot be made within the state." RCW 4.28.185(2), (4). Defendant contends that Plaintiffs have failed to satisfy either of these requirements. Motion to Dismiss (Dkt. # 7). The Court considers each in turn.

**A. Service of Process**

"When a defendant moves to dismiss based upon insufficient service of process, 'the plaintiff has the initial burden making a prima facie showing of proper service.'" Witt v. Port of Olympia, 126 Wn. App. 752, 757 (2005) (citation omitted). "A plaintiff may make this showing by producing an affidavit of service that on its face shows that service was properly carried out." Id. If the plaintiff makes this showing, "the burden shifts to the defendant who must prove by clear and convincing evidence that service was improper." Id.

To have properly served Defendant, Plaintiffs must have served "the president or other head of the company or corporation, the registered agent, secretary, cashier or managing agent thereof or to the secretary, stenographer or office assistant of the president or other head of the company or corporation, registered agent, secretary, cashier or managing agent." RCW 4.28.080(9); see RCW 4.28.180. Washington law requires this Court to strictly construe this statutory requirement. Ralph's Concrete Pumping, Inc. v. Concord Concrete Pumps, Inc., 154 Wn. App. 581, 585 (2010); accord Crystal, China & Gold, Ltd. v. Factoria Ctr. Invs., Inc., 93 Wn. App. 606, 609–10 (1999) (rejecting the contention that substantial compliance with RCW 4.28.080(9)

ORDER GRANTING DEFENDANT'S
12(b)(5) MOTION TO DISMISS       -3-

suffices). "Mere receipt of process and actual notice alone do not establish valid service of process." Ralph's, 154 Wn. App. at 585. Rather, "[p]ersonal service must be made *on the person designated by statute*." Witt, 126 Wn. App. at 757 (alteration in original) (quoting 1987 Final Legislative Report, 50th Wash. Leg., HB 1199, at 173 (emphasis added)). As noted in Factoria, "the service statute for corporations communicates the Legislature's decision that only persons holding certain positions can accept service on behalf of a corporation." 93 Wn. App. at 610. There is "no justification that permits service of persons in unnamed occupations to satisfy the statute." Id.

In the present case, Plaintiffs have failed to satisfy their initial burden. The process server's declaration says nothing about Serrano's title or position and thus cannot serve as evidence sufficient on its face to establish prima facie satisfaction of RCW 4.28.080(9).

Moreover, the Court is not convinced by Plaintiffs' contention that Serrano's position as a "maintenance supervisor" qualifies him as a "managing agent." The Washington Supreme Court has explained that an individual "'must have some substantial part in the management of its affairs generally or in a particular district or locality'" to be a "managing agent" of a corporation for purposes of RCW 4.28.080(9). Johanson v. United Truck Lines, 62 Wn.2d 437, 440 (1963) (citation omitted); accord Shipp v. Mason Gen. Hosp. Found., 147 Wn. App. 1023, 2008 WL 4868879, at *3–4 (2008). Thus, the Johanson court concluded that a dock foreman placed in charge of a terminal while the terminal's manager was out of town was a "managing agent" because he "(1) participated substantially in the branch's management; (2) exercised the authority to hire and to fire most of the employees at his branch; (3) had previously received service of process at the branch; and (4) had never denied his authority to

1 | accept service of process, especially when the registered agent was not present and able
2 | to receive service of process." Shipp, 2008 WL 4868879, at *3.

Contrary to Plaintiff's contention, Serrano stands on significantly different footing. First, there is no evidence before the Court that Serrano participates in the general management of the office's affairs. In addition, Plaintiffs have not proffered or even alleged that Serrano has any power to hire or fire employees or has previously received service of process. At best, Plaintiffs have established only a factual dispute as to whether Serrano told the process server he was authorized to accept service. Compare Declaration of Charles L. Meyer (Dkt. # 13) at 10 (Declaration of Service), with Declaration of Tomas Serrano (Dkt. # 16) at 2. However, even were the Court to resolve this dispute in Plaintiff's favor, it would not suffice. In Factoria, the court rejected the contention that service on an individual claiming to have the authority to accept service, without more, was sufficient to satisfy Washington's statutory requirements. 93 Wn. App. at 608, 610.

In sum, the Court concludes that Plaintiffs' failed to serve Defendant in conformity with Washington's statutory requirements.

**B. The Affidavit**

After Defendant filed its Motion to Dismiss, Plaintiffs filed an affidavit "to the effect that service [could not] be made within the state," cf. RCW 4.28.185(4), with the King County Superior Court. Declaration of Charles L. Meyer (Dkt. # 13) at 6–8. They attached a copy of this affidavit with their Response. Id. Arguably, Plaintiffs' after-the-fact action moots Defendant's second basis for relief. See generally Java Trading Co., Inc. v. Performance Food Grp. Co., No. C05-1191P, 2005 WL 2291116, at *1 (W.D. Wash. Sept. 20, 2005) ("It is well settled, however, that a party

ORDER GRANTING DEFENDANT'S
12(b)(5) MOTION TO DISMISS           -5-

substantially complies with Washington's long-arm statute when it files the out of state service affidavit prior to entry of judgment."). However, because Plaintiffs' failure to serve Defendant in accordance with RCW 4.28.180 and RCW 4.28.080(9) is dispositive, the Court declines to rule on the sufficiency or effect of that filing.

## CONCLUSION

For all of the foregoing reasons, the above-captioned action is hereby DISMISSED without prejudice. The Clerk of Court is directed to enter judgment in favor of Defendant.

DATED this 30th day of September, 2011.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANT'S
12(b)(5) MOTION TO DISMISS           -6-